UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  CV 10-2017-JST (RNBx)                                           Date:  April 13, 2011
Title:  Dong Bum Song, et al. v. United States of America

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

   Ellen Matheson                                                                       N/A
    Deputy Clerk                                                                         Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

   Not Present                                                                          Not Present

**PROCEEDINGS:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE**

      Before the Court is Defendant United States of America's Motion for Summary Judgment, (Doc. 52,) and Plaintiff Dong Bum Song's Motion for Discovery Under Federal Rule of Civil Procedure 56(d).  (Doc. 56.)  At issue is whether the United States Citizenship and Immigration Service ("USCIS") abused its discretion by denying Plaintiff's Form I-829, Petition by Entrepreneur to Remove Conditions ("Form I-829").

      As a preliminary matter, the parties disagree about the proper limits of the summary judgment record in this case.  At issue, in part, is a stipulation that resolved a state-court lawsuit brought by Plaintiff, which would appear to potentially provide the evidence USCIS stated was missing in its Decision Denying Plaintiff's Form I-829.  (*See* Certified Administrative Record ("CAR") at 359.)  The resolution of the lawsuit in Plaintiff's favor, and the signing of this stipulation, only took place on February 22, 2011, thus it is new evidence that was not initially before USCIS.

      The Court notes that Defendant writes the following in footnote nine of their Reply brief: "If Plaintiffs do indeed have new evidence that demonstrates that Mr. Song's investment created the requisite number and types of jobs, they are free to submit that evidence to USCIS along with a new I-829.  Plaintiff could also use the new evidence to move USCIS to reopen."  (Doc. 62 at 7 n.9 (citing 8 C.F.R. 103.5(a)(2).)  If, as Defendants indicate, Plaintiff can simply move to reopen or move for reconsideration of his Form I-829 and submit the stipulation that resolved his lawsuit, this would appear to be a more direct way for Plaintiff to achieve his desired relief.

      Therefore, the Court orders the parties to show cause as to why this case should not be stayed while Plaintiff seeks relief from the USCIS through a motion to reopen or motion to reconsider.  The parties shall file their responses no later than Monday, April 18, 2011, at 10:00 a.m.

Initials of Preparer:  enm